PETITION FOR A REHEARING, BY
R. H. CHINN AND J. J. CRITTENDEN, ESQ'RS.
The counsel for Boone respectfully'' solicit a rehearing of this case- The novelty of the case, its great importance to their client, ami ils acknowledged hardship, will afford a sufficient apology for troubling the court with this petition.
*539 The plaintiffs in the court below claim the slaves in question, under an executory devise or bequest, in the will of John Dylces, to take effect upon the termination of the life estate, given by the will, to Wm. Dykes. This will was made in 17'84, and recorded in .the state of Virginia., after the death of the testator, in the year 1786. Wm. Dykes, the devisee, brought to this country the negro woman from whom the slaves in contest arc descended, and in the year 1791, sold her to Boone for a .ull and fair price; and Boone and those claiming under him, ever after had the peaceable ami unquestioned possession of them, until after the dearii of William Dykes, and about the. time of the commencement of this suit in 1828. Boone then, for the first time, hear cl of the right asserted by the plaintiffs. That rignt lias been successfully as-érted by them, and notwithstanding the Jong lapse of time, and adverse possession of itqone, they have recovered a judgment for t.v slaves in controversy, and this court has affirmed-thai judgment.
ii real property had been- the subject of the devi jnen the devise <o the plaintiffs would, no cl.-not, have been considered a contingent remainder; and that remainder would ha^e been .barred by any'thing that barred or destroyed the particular estate; and in such case, the purchase of Boone and his long adverse possession, would have prevented any recovery from him. But this doctrine is supposed to apply to real estate only, and that no case can be found in which a contingent estate in chattels has been defeated by the destruction of the particular estate, &c.
It. seems strange that the law, ever jealous of perpetuities, or unalienable, interests, should permit contingent interests in real estate to. be defeated and barred, and yet should hold, that the same contingent interests, in personal estate, are not to be subjected to the same rule.
The intricate doctrines of contingent remainders, and executory devises, are not familiar in this country to the profession, and it is freely admitted by the counsel in this case that, although they have not been altogether idle on the subject, they- have nqfc *540 yet nuulo that thorough and satisfactory examination which they desired to do, and which the import tance. of the caso deserves.
it is admitted that the general rule seems to be* that contingent interests in personalty', are unaffected by thoseacts or circumstances.which may have, barred or destroyed the preceding or particular estate; hut this rule is not without is exceptions, in the case of the Executors of Moffat vs. Strong, 10th Johns. 17, Ch. J. Kent, in delivering the opinion of the court, says, * there may be eases in which the persons in remainder cannot, and ought not, to pursue personal property in the hands of a bona fid?- holder; as a purchaser or creditor under the ‘first legatee. The case of negotiable paper and of money bequeathed, xvill be of that kind; and there may be olher cases where the interest of commerce and of credit, require that the purchaser should be protected ” If the rule of law "which secures such future contingent interests is not perfectly imperious and inflexible; if that judicial discretion, to whirli^ it entirely owes its origin, is not altogether incapable of c.ontroling its operation, by making just exceptions from it, and if there may be other Cases where a purchaser should he'protected, it'seems 'impossible to imagine one having more irresistable claims to that protection, than the case now before the court. Boone was a bona fide purchas; r, for a full — a high price, lie had no notice of the claim of the plaintiffs below. The only written evidence of that claim was recorded in another Mate, and they, although living in Boone’s immediate neighborhood, were fraudulently silent. Their claim “was talked of in the family’ only. This proves their knowledge of their Claim, ami the fralidulency of their siiency. Had they, at an early period, made known their fights, and sought that protection of them whirl) a ¿o'urt of chancery would have afforded, the injury to Boone would have been comparatively small, and that to Boggs (the purchaser from Boone,) entirely, prevented Boone might havc'obtained indemnify^ ór a return of his money froth Dykes, and have snv-i ¿(1 a!! the care, anxiety, trouble and expense IncU .¿Seat to the rearing a family of voting, negroes. Bar-! *541 ties who have thus stood by for such a length of time in silence, when justice, honesty and fair deal ing required them to speak, ought not to be favoured by law. And although mere lapse of time (during the life of Wm. Dykes,) might not affect them* or bring their case within any statute of limitation, yet when coupled with the other circumstances of this case, it is such an an evidence of fraud, or acquiescence, as ought to preclude them from recovering. An executory devisee may release his interest. Ought not such a release to be presumed, if all other grounds fail?
But at the date of John Dykes* will, and at the time of his death, were not slaves real property, with this only exception, that no more remote es-" tate ctíuld belimited'of them by last will, than might he jimited of chattels? And if so, it is contended that the devise in the will of John Dykes is a contingent remainder of the real estate limited to the children of Wm. Dykes, and as such, has been barred and destroyed by the adverse possession of Boone, which barred and destroyed the particular estate of Wm,. Dykes-
Legal presumptions are in many cases entertained, more for the purposes of justice, than ’ because we really believe the thing presumed. It appears to the counsel that this doctrine is not inapplicable to the present case. They ought to have released their interest; and that lays a strong foundation for the presumption. Every just and moral consideration prompted to such a release. The sale of the negroes by Wm. Dykes was necessary, to. procure for them the means of subsistence and- common comfort. They were almost in a state of nakedness and starvation, and the “high” price paid by Boone, was, no doubt, applied to their relief. Boone, in effect, paid them some forty years ago, and in equity'and justice they ought to be presumed to have surrendered their interest to him as early as they became capable of so doing.
It is further contended, that the record exhibits no proof that two. of the plaintiffs, Seeders and Alexander, are entitled to any interest in the slaves. It is true, that in the bill of exceptions., ike “plaintiffs^? *542 generally, are spoken of as the children of Williams Dykes — and (hat Wm. Dykes is spoken of as the father of the “plaintiffs;” but not one single tittle of evidence is set down in proof of the fact that they pro the children of Win. Dykes. It is impossible to believe that Rennet Seeders and Wm. Alexander are the sons of Wm, Dykes, or at least no such strange presumption run be indulged without much Stronger proof than that furnished by the general appellations given t« the plaintiffs, as above shhed. The names of these two plaintiffs contradict absolutely the idea of their being the children of William D> Les. It is little less than ludicrous to frame any such presumptions. If they ace not Iris children, there is a total want of testimony topnne any right in them. In point of fact, they may have married daughters of Wm. Dykes, but of that the record Contains no suggestion.
Jfeanary 3.1.
Chinn and Crittenden, for appellant; W-tcldijfe, for the appellee.
The counsel will forbear to trouble the, court further at the present. They earnestly solicit a rehearing of the caiwe. and cannot forbear indulging in the hope that further consideration of the rase, and of the law applicable to it, will result in a de>. isiiion which may rescue their respectable old client from that ruin which is otherwise inevitable.
The petition was overruled, and the original o-, pinion stands unaltered, and the judgment uilirmed,